### STATE v BEATLEY

Ohio Appeals, 3rd Dist, Logan Co

No 862.   Decided March 9, 1940

J. Ewing Smith, Bellefontaine, for plaintiff-appellee.

George S. Middleton, Bellefontaine, for defendant-appellant.

## OPINION

By CROW, PJ.

This is an appeal from a judgment of the Common Pleas Court of Logan county, Ohio, affirming the judgment of a justice of the peace sentencing one Beatley, the appellant, pursuant to his plea of guilty as charged in a complaint (minus the formal parts) reading as follows:

"That on or about the 2nd day of July, 1938. in the County of Logan aforesaid, one J. R. Beatley did unlawfully keep and exhibit for gain five certain gambling devices commonly known as 'slot machines' and that the said J. R. Beatley kept and exhibited said devices to be used for gambling purposes."

A bill of exceptions was not taken in the court of the justice of the peace, and the only relevant docket entries of the proceedings there, other than the waiver of trial by jury, plea of guilty, sentence, suspension of part thereof, recognizance for good behavior one year, and judgment for costs, are the following, dated July 15, 1938:

"And further ordered that the machines described in the affidavit be destroyed. And further ordered that the money contained in said machines be turned over by the sheriff to the treasurer of Logan County, Ohio."

"Motion. Now comes J. R. Beatley and moves the court to strike out, vacate, set aside and remove that part of his judgment, verdict, findings and sentence hereinbefore entered, which directs that any moneys found in· the machines be turned over to the treasurer of Logan County, Ohio, for the reason that said order and judgment by the justice of the peace is contrary to law, and that said sentence, finding and judgment of said justice is erroneous in that respect."

"Journal Entry. This day this cause came on to be heard upon the motion of the defendant, J. R. Beatley, to vacate and set aside the findings, judgment, verdict and sentence of the justice of the peace hereinbefore entered.

"And the court upon consideration of said motion overrules the same to which the defendant at the time excepted and still excepts."

From this unusually brief record exclusively, must be decided one question only, namely whether error to the prejudice of defendant appears affimatively, as of the time when the judgment appealed from was rendered by the justice of the peace, that is when it was ordered "that the machines described in the affidavit be destroyed, and further ordered that the money contained in said machines be turned over by the sheriff to the treasurer of Logan County, Ohio."

That language can not be construed otherwise than that when the order was made the money was then within the machines.

While the money was situated there it was as much a part of the mechanism of the machines as was the lever which would set the machines in operation, or any other constituent of them.

Under the public policy of Ohio as clearly established by its statutes and the decisions of its courts, gaming devices such as slot machines are not lawful property, and hence a private right is not assertable in relation to them or any component part thereof.

Such being the law, defendant suffered no detriment to person or property by the judgment of the justice of the peace which was affirmed by the Common Pleas Court, and hence the latter judgment must be affirmed.

The status of the money after its removal from the machines so that it has finally ceased to be a part of them, concerning private rights or interests is not in the present case and hence will not be discussed.

GUERNSEY, PJ. & KLINGER, J., concur.